RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/21/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FRANK BOATSWAIN** | **DOCKET NO. 12-CV-2187; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **RICARDO MARTINEZ, WARDEN** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the Court is an application for writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Frank Boatswain. Petitioner is an inmate in the custody of the Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He claims that the evidence was insufficient to convict him of the disciplinary violation, and that his due process rights were violated because exculpatory evidence was not considered, he did not receive a meaningful hearing, and he did not receive adequate notice.

### *Factual Background*

On November 15, 2010, at approximately 7:20 p.m., while conducting a "shake down" of Petitioner's cell, an officer discovered a stack of paper covering up a Motorola cell phone. The disciplinary report says that Petitioner was assigned to the top bunk and the top locker containing the phone was assigned to Petitioner. A copy of the disciplinary charge was provided to Petitioner on November 16, 2010, at 8:20 p.m. [Doc. #1-2, p.8] The disciplinary hearing was conducted on November 29, 2010. Petitioner waived his right to staff representation and did not

request any witnesses. The hearing officer found that the locker containing the cell phone also contained Petitioner's property. Petitioner was found guilty, and he received forty days disallowance of good conduct time; sixty days disciplinary segregation; and, one year loss of telephone privileges, to be suspended pending clear conduct for 180 days. [Doc. #1-2, p.9]

Petitioner appealed the disciplinary conviction, but his requests for relief were denied at the regional and national levels. [Doc. #1-2, p.20, 24-25]

### Law and Analysis

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); Wolff, supra, at 556.

**1. Adequate notice**

Petitioner complains that he received untimely notice of the disciplinary charge because notice was given to him after twenty-

four hours. The violation occurred on November 15, 2010, at 7:20 p.m., and he received notice on November 16, 2010, at 8:20 p.m. - 25 hours after the violation. Even if notice was given to Plaintiff one hour past the BOP deadline, it is well-settled that the agency's failure to comply with its own regulations does not necessarily state a constitutional claim. See <u>Jackson v. Cain</u>, 864 F.2d 1235, 1251 (5th Cir. 1989)(failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)). Petitioner received the notice one hour "late", but well in advance of the disciplinary hearing. He was not prejudiced by the sixty minute delay in receiving notice, and the notice received was adequate.

2. **Opportunity to Present Evidence**

Petitioner does not allege that he was deprived of a hearing or the opportunity to present evidence. In fact, it is clear from his memorandum that he received a hearing, at which he chose to waive representation. He also neglected to call any witnesses or present any evidence on his behalf at the hearing. [Doc. #1-2, p.8]

3. **Written Findings**

Petitioner does not allege that the DHO failed to provide him with written findings. It is evident that he received written findings as he appealed same at the regional and national levels and provided a copy as an exhibit to his petition.

3

4.  **Some Evidence**

Finally, there is "some evidence" supporting the ruling of the DHO. The cell phone was found in Petitioner's locker, along with Petitioner's other belongings. Although Petitioner says that he was assigned the bottom bunk and locker, that assignment did not occur until February 24, 2011 - three months *after* the cell phone was found in Petitioner's locker. [Doc.#1-2, p.14] It is clear from his exhibits that Petitioner had not been assigned the bottom locker at the time of the violation. [Doc. #1-2, p.13-14]

Based on the forgoing, it is evident that Petitioner was afforded the procedural safeguards discussed in <u>Wolff</u>. Thus, he has failed to state a claim for which relief can be granted.

### Conclusion

For the foregoing reasons **IT IS RECOMMENDED** that the Petition be denied and dismissed with prejudice.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.**

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of December, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE